IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ALFONZO D. SMITH,**

           **Petitioner,**

      v.                                  CASE NO. 11-3203-RDR

**LISA HOLLINGSWORTH,**

           **Respondent.**

MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a federal prisoner, claims he has been wrongfully excluded from the 12-month sentence reduction available to qualified prisoners who complete the Residential Drug Abuse Program (RDAP) offered by the Bureau of Prisons (BOP).

**Background**

Petitioner is serving a 60-month term for Use and Carry a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(1).

Under federal law, the BOP must provide residential substance abuse treatment to eligible federal prisoners. *See* 18 U.S.C. §3621(e)(1)(C). The RDAP is offered by the BOP for prisoners who voluntarily accept treatment and who have a diagnosable, verifiable substance abuse disorder. The program requires a minimum of 500 hours in a unit-based component, follow-up services, and a transitional drug abuse treatment component. *See* 28 C.F.R. § 550.53 (March 16, 2009).

Prisoners whose convictions are for nonviolent offenses and who complete the program are eligible for a sentence reduction of up to

one year. 18 U.S.C. § 3621(3)(2)(B).

On March 29, 2010, the BOP's Designation and Sentence Computation Center (DSSC) conducted an offense review and determined that petitioner is ineligible for early release due to the nature of his offense. The review determined petitioner is barred from early release under 28 C.F.R. § 550.55(b)(5)(ii)-(iii), and BOP Program Statement 5162.05, § 3.a.

## Discussion

The federal courts may grant habeas corpus relief when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition filed by a federal prisoner pursuant to § 2241 is the proper remedy for a challenge concerning the execution of a federal sentence. *See Wilson v. Kastner*, 385 F.App'x 855, 856 n. 2 (10th Cir. 2010)(petition under §2241 to challenge RDAP eligibility was proper "because [the] challenge relates to the execution of …sentence rather than the validity of …conviction.").

Petitioner argues that his criminal offense was non-violent and should not bar him from eligibility for early release. He appears to argue that his possession of an unloaded handgun is not a crime of violence.

*The RDAP and Early Release Criteria*

As noted, the BOP may reduce the sentence of a federal prisoner convicted of a "nonviolent offense" upon the prisoner's successful completion of substance abuse treatment. 18 U.S.C. §3621(e)(2)(B)(1994). Because the statute does not define "nonviolent offense", the BOP developed a regulation to set eligibility standards. Originally, in 1995, the regulation stated that a prisoner convicted

of a "crime of violence as defined in 18 U.S.C. § 924(c)(3)" was ineligible for early release. 28 C.F.R. § 550.58 (1995). The same year, the BOP also issued a Program Statement to clarify that qualifying "crimes of violence" included drug trafficking offenses under 21 U.S.C. § 841 that involved the possession of a firearm and felon in possession offenses under 18 U.S.C. § 922(g). P.S. 5162.02, § 9 (July 24, 1995).

In 1997, the BOP addressed a circuit split by issuing an amended interim rule to categorically exclude from early release those inmates whose convictions "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives." 28 C.F.R. §550.58(a)(1)(vi)(B)(1997).

In *Lopez v. Davis*, 531 U.S. 230 (2001), the Supreme Court held that 18 U.S.C. § 3621(e)(2)(B) vested broad discretion in the BOP to categorically deny early release eligibility, including to those felons who were in possession of a weapon, stating: "The Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Id*. at 244.

In 2000, the 1997 interim rule became final. 28 C.F.R. §550.58(a)(1)(vi)(B)(2000).

In 2009, the BOP again amended the rule, citing the reasoning in *Lopez v. Davis* and recognizing "a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing the sentences." 74 Fed. Reg. 1892, 1895 (Jan. 14, 2009).

Case law in the Tenth Circuit has found that both the 2000 and 2009 regulations passed constitutional muster. In *Licon v. Ledezma*, 638 F.3d 1303 (10th Cir. 2011), the Tenth Circuit found the 2000 regulation was supported by a "public safety rationale" and concluded it was substantively valid, *id*. at 1311. Likewise, the Tenth Circuit has determined the 2009 regulation is not arbitrary and capricious and thus valid under 5 U.S.C. § 706 of the Administrative Procedure Act. *See Sanchez v. Ledezma*, 422 Fed.Appx. 735 (10th Cir. 2011) and *Torres v. Ledezma*, 428 Fed.Appx. 789 (10th Cir. 2011)(companion cases, upholding denial of early release after RDAP where petitioners pled guilty to drug charges and shotgun was found hidden beneath a trapdoor).

*Application*

The BOP rejected petitioner for early release eligibility because his criminal offense "by its nature or conduct presents a serious potential risk of physical force against the person or property of another." (Doc. 6, Ex. E, BOP Request for § 3621(e) Offense Review.) Because his conviction included the use and carry of a firearm in connection to a drug trafficking offense, petitioner falls squarely within the BOP's regulation defining categorical exclusions from early release. The Tenth Circuit has upheld the validity of the excluding regulation, and the court finds no error in the decision to deny petitioner early release eligibility. Accordingly, the petition for habeas corpus must be denied.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED: This 8th day of May, 2013, at Topeka, Kansas.


                                               s/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              United States District Judge